Argued and submitted December 6, 1985, reversed and remanded in part, affirmed in part May 14, 1986

In the Matter of the Compensation of
Donald B. O'Dell, Claimant.

O'DELL,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-05083; CA A35559)

719 P2d 52

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon and Associates, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of a Workers' Compensation Board order which reversed the referee's assessment of a penalty and award of attorney fees. We reverse and remand.

Claimant injured his knee at work in September, 1982. In February, 1983, he was found to be medically stationary and a determination order was issued on May 5, 1983, awarding temporary total disability to February 3, 1983. Claimant requested a hearing, seeking, among other things, a determination that the claim had been prematurely closed. Following the request for hearing, he saw Dr. Jones, who notified SAIF on July 8, 1983, that claimant continued to suffer knee pain and that an arthroscopic examination was necessary to determine the cause of the pain. SAIF agreed to pay for the examination as a diagnostic procedure. On September 30, 1983, Jones performed the arthroscopy and shaved a synovial tag which he believed was capable of causing pain. The knee appeared to be normal in all other respects. Jones reported on September 30 that it would be several months before he would know whether the tag was the cause of claimant's knee pain. SAIF treated the report as an aggravation and began paying time loss on November 1, 1983, as of September 30, 1983.

A hearing on the May 5, 1983, determination order was held on November 22, 1983, but the record was held open for Jones' final opinion on the results of the arthroscopy. In the meantime, SAIF had reviewed Jones' surgery report and had concluded that the arthroscopy had resulted in "essentially negative findings." It sent a letter to claimant denying his "aggravation claim" on the ground that the knee condition had not materially worsened since claim closure. On January 3, 1984, Jones advised SAIF that claimant had improved dramatically since the surgery and that the pain was gone. He was also of the opinion that claimant's earlier knee pain was related to his original injury. SAIF then re-opened the claim, and the Worker's Compensation Department issued a determination order on February 21, 1984, awarding temporary total disability from the date of the surgery through January 3, 1984.

The hearing which had been pending since November 22, 1983, reconvened on May 22, 1984. In view of Jones'

opinion, the referee determined that, at the time of the original claim closure, claimant was not medically stationary and that the claim had been prematurely closed. He awarded temporary total disability for the "gap" in time loss payments from February 3, 1983, to the date of the surgery. At the same time, like SAIF, he treated Jones' September 30, 1983, report of the arthroscopic surgery as an aggravation claim and assessed a $50 penalty against SAIF pursuant to ORS 656.262(10) for unreasonably delaying commencement of time loss payments until November 1, 1983. He also awarded claimant attorney fees under ORS 656.382(1). The Board reversed the referee as to the penalty and attorney fees only, and our review is limited to that issue.

SAIF contends that, because it was ultimately determined that the claim had been prematurely closed, Jones' report on the September 30, 1983, surgery should not be treated as an aggravation claim. If it is not, there is no basis for the assessment of a penalty and the award of attorney fees. At the time of the surgery, however, the claim was still closed, and SAIF's position was that it should remain closed. SAIF has treated Jones' surgery report as an aggravation claim. For that reason, there is no justification for SAIF's failure to pay interim compensation within 14 days of the September 30, 1983, report. The referee's assessment of a penalty and the related award of attorney fees was proper.

Reversed and remanded for determination of attorney fees for delay;[1] the referee's assessment of a penalty is reinstated; otherwise affirmed.

---

[1] We know of no statutory basis for the referee's award of insurer paid attorney fees for "establishing a new date for future aggravation rights" and for "getting SAIF to, in effect, withdraw their [sic] denial," and we affirm the Board's reversal of the referee's award of attorney fees for those "services."